■ MONICA CARRERO et al., Plaintiffs, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff-Respondent. EDGAR SUCCI et al., Third-Party Defendants-Appellants. [744 NYS2d 371] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered October 29, 2001, which,

in an action by an infant against the New York City Housing Authority for personal injuries caused by ingestion of lead paint, and a third-party action against the Orange County Department of Health and plaintiff's Orange County foster parents, denied third-party defendants' motions for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

An issue of fact exists as to whether Orange County voluntarily assumed a special duty to protect plaintiff from lead paint poisoning. Such issue is raised by evidence that Orange County's inspector, without any medical training, before confirming whether the foster parents had remedied the lead contamination he had found in their home, and despite information that the child was seen eating paint chips off the highly contaminated front-porch floor, determined that plaintiff's high blood-lead level could not have been incurred in the foster parents' home, and advised Orange County health authorities that the child could return there from the hospital (*see, Bargy v Sienkiewicz*, 207 AD2d 606, 609). An issue of fact also exists as to whether plaintiff's lead poisoning was caused by exposure to lead paint in the foster parents' home. Such issue is raised by evidence that plaintiff's blood-lead level rose sharply within weeks after she first moved into that home, and then, after a short hospital stay, rose significantly again within weeks after she returned there. Concur—Saxe, J.P., Sullivan, Rubin and Friedman, JJ.